UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

108 Degrees, LLC

      v.                           Civil No. 09-cv-298-JL
                                      Opinion No. 2010 DNH 054
Merrimack Golf Club, Inc.,
Kevin Kattar, Genesis Management
Group, LLC, and Mark Buckley

**MEMORANDUM ORDER**

This case arises from a golf course marketing deal that landed in the rough.  Plaintiff 108 Degrees, LLC, a marketing company from New Hampshire, brought suit against the owners and operators of the Merrimack Valley Golf Club in Methuen, Massachusetts,[1] alleging that they breached a contract and a promissory note by refusing to pay for a new website that 108 Degrees designed for the golf club.  In addition, 108 Degrees accused the defendants of infringing its copyright by launching a nearly identical website.  See 17 U.S.C. § 501.  The defendants responded with an array of counterclaims, alleging that 108 Degrees fraudulently induced the contract by overstating its

---

[1]Specifically, the defendants include the golf course's owners, Kevin Kattar and Merrimack Golf Club, Inc., as well as its management company, Genesis Management Group, LLC.  A fourth defendant, the golf course's current web designer Mark Buckley, is voluntarily dismissed from the case without prejudice pursuant to this court's order dated January 22, 2010, because 108 Degrees did not notify the court by March 20, 2010 that it intended to pursue claims against Buckley.

qualifications, breached the contract by delivering an inferior
product, and engaged in unfair business practices.  This court
has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal
question), 1338(a) (copyright), and 1367(a) (supplemental
jurisdiction).

The defendants have moved to dismiss two of the claims
against them under Fed. R. Civ. P. 12(b)(6).  They argue that 108
Degrees cannot recover for copyright infringement because the
website materials were "work made for hire" and thus belong to
the golf course.  See 17 U.S.C. § 201(b).  They also argue that
108 Degrees cannot recover under the promissory note because it
failed to attach the note to its complaint.  After hearing oral
argument, this court denies the motions.  Whether the website
materials qualify as "work made for hire" is unclear from the
complaint, so that issue cannot be resolved yet.  And while it
would have been helpful for 108 Degrees to attach the promissory
note to its complaint, nothing in the Federal Rules of Civil
Procedure required it to do so.


I.  **Applicable legal standard**

To survive a motion to dismiss under Rule 12(b)(6), the
plaintiff's complaint must make factual allegations sufficient to
"state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell
Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In deciding
such a motion, the court must accept as true all well-pleaded
facts set forth in the complaint and must draw all reasonable
inferences in the plaintiff's favor.  Gargano v. Liberty Int'l
Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009).  "A claim
has facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  Iqbal, 129 S.
Ct. at 1949 (citing Twombly, 550 U.S. at 556).

## II.  Copyright infringement claim

The defendants argue that 108 Degrees's copyright
infringement claim (Count 1) must be dismissed because the
website materials at issue were "work made for hire" and
therefore belong to the golf course, not to 108 Degrees.  See 17
U.S.C. § 201(b) (providing that the hiring party owns the
copyright in "work made for hire," unless otherwise agreed in
writing).  As explained below, however, it is unclear from the
complaint whether the website materials fall within the statutory
definition of "work made for hire."  See id. § 101.  Moreover,
even if they do, the complaint alleges that the parties agreed in
writing that 108 Degrees would own the copyright until it

3

received full payment from the golf course, which if true would amount to a contractual resolution of the issue (in other words, that the parties "contracted around" the work-for-hire doctrine). For both reasons, this court cannot dismiss 108 Degrees's copyright infringement claim at this early stage.

Under the Copyright Act of 1976, copyright ownership "vests initially in the author or authors of the work."  17 U.S.C. § 201(a).  "As a general rule, the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection.  The Act carves out an important exception, however, for 'works made for hire.'"  Cmty. for Creative Non-Violence v. Reid, 490 U.S. 730, 737 (1989) (quoting 17 U.S.C. § 201(b)).  If a copyrighted work falls within that exception, then "'the employer or other person for whom the work was prepared is considered the author' and owns the copyright, unless there is a written agreement to the contrary."  Id.

A copyrighted work "comes within the work for hire doctrine if it consists of either (i) a work prepared by an employee within the scope of her employment or (ii) one prepared by an independent contractor on special order or commission."  Warren Freedenfeld Assocs., Inc. v. McTigue, 531 F.3d 38, 48 (1st Cir. 2008) (citing 17 U.S.C. § 101).  Here, 108 Degrees created the

4

website materials as an independent contractor, not an employee.
Not every work by an independent contractor qualifies as a work
for hire.  The work must be

> specially ordered or commissioned for use as a
> contribution to a collective work, as part of a motion
> picture or other audiovisual work, as a translation, as
> a supplementary work, as a compilation, as an
> instructional text, as a test, as answer material for a
> test, or as an atlas, <u>if</u> the parties expressly agree in
> a written instrument signed by them that the work shall
> be considered a work made for hire.

17 U.S.C. § 101 (emphasis added).  Thus, unless the website
materials fall within one of those nine "enumerated categories"
and were created pursuant to a written work-for-hire agreement,
they will not fall within the statutory exception.  <u>Creative Non-
Violence</u>, 490 U.S. at 748; <u>McTique</u>, 531 F.3d at 48-49.

As with many questions involving copyright law and the
internet, "[c]ourts have not weighed in on whether a website can
fall under one of the nine enumerated" categories in the work-
for-hire statute.  Han Sheng Beh, <u>Applying the Doctrine of Work
for Hire and Joint Works to Website Development</u>, 25 Touro L. Rev.
943, 971 (2009).  It is possible that website materials might
fall within the "other audiovisual work" category, <u>see</u>, <u>e.g.</u>,
<u>Allen v. Ghoulish Gallery</u>, No. 06-cv-371, 2007 WL 4207923, *2 n.3
(S.D. Cal. Nov. 20, 2007), at least if they "consist of a series
of related images . . . together with accompanying sounds."  17

U.S.C. § 101.  And, of course, if they include the specific content listed in the statute (e.g., an instructional text, a test, or an atlas), then they also might qualify.  "Because the creation of websites can differ drastically from case to case," however, one commentator has suggested that "each website would have to be analyzed individually to determine if it could fall within the enumerated works."  Beh, supra, at 971.

The defendants have not identified which statutory category they believe the website materials fall in, and based solely on the factual information alleged in the complaint, this court cannot tell whether the materials fall within any specified category.  And in any event, this court need not reach that issue, because the other statutory prerequisite has not been satisfied:  nothing in the complaint suggests that the parties had a written work-for-hire agreement.  The defendants point to language in the complaint that refers the website materials as "work prepared by the Plaintiff for the Merrimack Valley Golf Club."  But as the statute makes clear, that is not enough.  To satisfy § 101, the "writing must precede the creation" of the copyrighted work, Schiller & Schmidt, Inc. v. Nordisco Corp., 969 F.2d 410, 413 (7th Cir. 1992), or at the very least must "confirm[] a prior agreement, either explicit or implicit, made before the creation of the work."  Playboy Enters., Inc. v.

6

<u>Dumas</u>, 53 F.3d 549, 559 (2d Cir. 1995); <u>see also</u> <u>Saenger Org.,</u>
<u>Inc. v. Nationwide Ins. Licensing Assocs., Inc.</u>, 119 F.3d 55, 60
(1st Cir. 1997) (unwritten agreement is not enough to create or
alter work-for-hire status).  Here, 108 Degrees denies any such
agreement.  Thus, at least for now, this court cannot deem the
website materials a work for hire.

Moreover, even assuming <u>arguendo</u> that the website materials
qualified as work for hire, that would not necessarily resolve
the issue of copyright ownership, because the Copyright Act
allows parties to contract around the work-for-hire rules.  <u>See</u>
17 U.S.C. § 201(b) (hiring entity owns copyright in work for hire
"unless the parties have expressly agreed otherwise in a written
instrument signed by them).  Here, 108 Degrees alleges that the
parties signed a promissory note acknowledging that 108 Degrees
would own the copyright in the website materials until it
received full payment from the golf course.  Although the
defendants vehemently dispute the validity of the note, the
plaintiff's allegations must be accepted as true for purposes of
resolving the motion to dismiss.  In light of those allegations,
the copyright claim cannot be dismissed on work-for-hire
grounds.[2]

---

[2]As an alternative ground for dismissing this claim, one of
the defendants (Genesis Management Group) argues that it cannot

## III.   <u>Promissory note claim</u>

The defendants also argue that 108 Degrees's claim for
recovery under the promissory note (Count 2) must be dismissed
because 108 Degrees failed to attach the promissory note to its
complaint.[3]  But "there is no requirement [under the Federal

_____

be held liable for copyright infringement because it "is merely
the agent" of Merrimack Golf Club, and "no power exists in the
agent to copyright anything."  This court already rejected that
argument when it denied Genesis Management's earlier motion to
dismiss.  <u>See</u> Order dated Jan. 22, 2010.  The argument reflects a
fundamental misunderstanding of the plaintiff's claim, which is
not that the defendants unlawfully copyrighted something, but
rather that they unlawfully <u>infringed</u> the plaintiff's copyright.
The complaint specifically alleges that Genesis Management
commissioned and directed the infringing work, which is enough to
state a claim for copyright infringement.  <u>See</u>, <u>e.g.</u>, <u>MGM Studios
Inc. v. Grokster, Ltd.</u>, 545 U.S. 913, 930 (2005) (noting that
"doctrines of secondary liability . . . are well established in
the law" of copyright, including vicarious liability and
contributory infringement); Restatement (Third) of Agency § 7.01
(unless a statute provides otherwise, an "agent is subject to
liability to a third party harmed by the agent's tortious
conduct").

[3]At oral argument, defense counsel withdrew this argument
except as to one of the defendants, Merrimack Golf Club, with
respect to which she also raised a new argument:  that the golf
club cannot be held liable under the note because it is not one
of the listed signatories.  Rather, the note refers to "Merrimack
Golf Corporation," which according to defense counsel does not
exist.  "This court generally will not consider theories raised
for the first time at oral argument, out of fairness to adverse
parties and the court."  <u>Prince v. Metro. Life Ins. Co.</u>, 2010 DNH
046, 22 n.11 (citing <u>Doe v. Friendfinder Network, Inc.</u>, 540 F.
Supp. 2d 288, 309 n.19 (D.N.H. 2008)).  Moreover, even if this
argument had been properly raised, the parties appear to dispute
whether the note's reference to Merrimack Golf Corporation was
merely a scrivener's error.  This court cannot resolve that
disputed factual issue on a motion to dismiss.

Rules of Civil Procedure] that the promissory note[] be attached to the complaint." In re Nat'l Century Fin. Enters., Inc., Inv. Litig., 617 F. Supp. 2d 700, 720 (S.D. Ohio 2009); see also Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based.") (citing Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991)).  And even if there were such a requirement, 108 Degrees attached the promissory note to its objection, thereby mooting this issue.

As a practical matter, the defendants are correct; the better practice would have been for 108 Degrees to attach the promissory note to its complaint, particularly given the parties' dispute about the validity of the note and the circumstances of its signing.  But the absence of the note from the complaint provides no basis for dismissing 108 Degrees's claim for recovery under the note.

## IV.  Conclusion

For the reasons set forth above, the defendants' motions to dismiss[4] are DENIED.  Pursuant to this court's previous order

---

[4]Documents no. 35 and 39.

dated January 22, 2010, defendant Mark Buckley is voluntarily DISMISSED from the case without prejudice.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge


Dated:      March 25, 2010

cc:         Paul M. DeCarolis, Esq.
            Denise A. Brogna, Esq.
            Mark B. Johnson, Esq.
            Robert S. Carey, Esq.